UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ERIN KIER,**

　*Plaintiff*,

v.　　　　　　　　　　　　　　　　　　Case No.  SA-23-CV-00991-JKP

**WAL-MART STORES TEXAS, LLC,**

　*Defendant*.

## MEMORANDUM OPINION AND ORDER

　　　Before the Court is Defendant Wal-Mart Stores Texas, LLC's (Wal-Mart) Motion for Summary Judgment. *ECF No. 18,20*. Plaintiff responded, although untimely. *ECF No. 19*. Upon consideration, the Court **DENIES** Wal-Mart's Motion for Summary Judgment.

### Factual Background

　　　This action arises from Plaintiff Erin Kier's slip-and-fall accident that occurred on March 24, 2023, at a Wal-Mart store. In her Original Petition filed in state court, Kier alleges she suffered injuries when she slipped on a greenish dirty substance, believed to be green beans, near the cash register and fell to the floor. *ECF No. 1-2*. Kier brought this action asserting causes of action for premises liability and vicarious liability. Wal-Mart contends it is entitled to summary judgment on Kinney's premises liability cause of action because she has no evidence to support two essential elements of this cause of action. Although not asserted, it is presumed Wal-Mart seeks summary judgment on the vicarious liability cause of action based upon the requested dismissal of the premises liability cause of action.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993).[1] "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994).

---

[1] Although 2010 amendments replaced "issue" with "dispute," the summary judgment standard "remains unchanged." Fed. R. Civ. P. 56 advisory committee notes (2010 amend.).

To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

A court may not grant summary judgment by default should the nonmovant fail to respond or responds untimely. *Bradley v. Chevron U.S.A., Inc.,* No. Civ.A. 204CV092J, 2004 WL 2847463, *1 (N.D.Tex. Dec. 10, 2004) (*citing Eversley v. MBank of Dallas,* 843 F.2d 172, 174 (5th Cir. 1988); *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir. 1985)). In this event, the Court must, first, review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *See Austin v. Kroger Texas, L.P.*, 864 F. 3d 326, 335 (5th Cir. 2017). If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)(citations omitted).

## Discussion

Wal-Mart appears to assert this Motion as a "no-evidence" summary judgment motion and cites authority for its ability to do so. *ECF No. pp. 2-3*. However, federal courts do not recognize the no-evidence motion for summary judgment; this type of motion may be filed in Texas state courts, but not in any federal court. *See Wilson v. Tessmer Law Firm, PLLC*, 483 F.Supp.3d 416, 423–24 (W.D. Tex. 2020); *Bank of Am., N.A. v. Fulcrum Enterprises, LLC*, 20 F.Supp.3d 594, 602 (S.D. Tex. 2014). In a federal court, the party moving for summary judgment must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, discovery, admissions, or affidavits that demonstrate the absence of genuine factual issues. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). However, Wal-Mart does present Kier's deposition testimony to support its position that she cannot prove essential elements of her cause of action. As such, the Court will consider Wal-Mart's Motion for Summary Judgment as a standard motion for summary judgment asserting the absence of genuine factual disputes on essential elements and entitlement to summary judgment as a matter of law.

"Generally, premises owners … have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). To prevail on a premises liability cause of action against a property owner, an injured invitee must establish four elements: (1) a condition on the premises posed an unreasonable risk of harm; (2) the property owner had actual or constructive knowledge of the condition causing the injury; (3) the property owner breached its duty to the invitee by failing to adequately warn the invitee, or by failing to make the condition reasonably safe; and (4) this breach of duty

4

was the proximate cause of injuries to the invitee.[2] *Id.* at 251–52; *United Supermarkets, LLC v. McIntire*, 646 S.W.3d 800, 802 n.4 (Tex. 2022).

In this Motion, Wal-Mart focuses on the second and third elements. Wal-Mart contends Kier cannot present a genuine dispute of material fact whether it had knowledge of the green substance on the floor based upon her admission in her deposition. Next, Wal-Mart contends Kier admitted the condition was open and obvious, and therefore, it had no duty to warn Kier as a matter of law.

### (1) Second Element: Wal-Mart's Actual or Constructive Knowledge

A plaintiff may satisfy the second element in a slip-and-fall case, i.e. actual or constructive knowledge, by establishing: (1) the defendant placed the substance on the floor; (2) the defendant actually knew the substance was on the floor, or; (3) it is more likely than not the condition existed long enough to give the defendant a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814–15 (Tex. 2002). To obtain summary judgment on this premises liability cause of action, Wal-Mart must present evidence to show there is no genuine dispute of material fact whether it had actual or constructive knowledge of the green substance on the floor that allegedly caused Kier to fall. *See Topalian*, 954 F.2d at 1131.

To make this showing, Wal-Mart contends it is entitled to summary judgment as a matter of law because Kier admitted in her deposition "she did not know how long the substance had been on the floor prior to her fall or how the substance got on the floor." Wal-Mart then states this admission shows Kier "does not have any evidence that any Wal-Mart employee created the condition or that any Wal-Mart employee knew of should have known that the substance was on the floor." *ECF No. 18, p. 4*. Based upon this admission, Wal-Mart contends Kier cannot present

---

[2] The parties do not dispute that Wal-Mart was the property owner and Kier was an invitee.

any genuine dispute whether it held actual or constructive knowledge of the green substance on the floor. *Id. pp. 4-5*.

Wal-Mart's argument fails. Kier's admission she, personally, did not know how long the substance had been on the floor prior to her fall or how the substance got on the floor is not conclusive evidence there is a lack of triable dispute whether Wal-Mart had actual or constructive knowledge. This admission is conclusive evidence that Kier, personally, did not know; however, it does not constitute conclusive evidence regarding Wal-Mart's knowledge or duty to warn.

Wal-Mart's reliance on this evidence, standing alone, is insufficient to satisfy its summary judgment burden to show an absence of evidence regarding the actual or constructive knowledge element of Kier's premises liability cause of action.

**(2) Third Element: Duty to Warn**

With regard to the third element, a defendant in a premises liability case has a duty to make safe or warn against any concealed, unreasonably dangerous conditions of which it is, or reasonably should be, aware but the invitee is not. *Sanchez v. Dolgencorp of Tex., Inc.*, No. 23-40536, 2024 WL 2846072, at *2 (5th Cir. June 5, 2024) (quoting *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015)). "'[I]n most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law, and since there is no need to warn against obvious or known dangers, a landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee.'" *Sanchez*, 2024 WL 2846072, at *2; *Austin v. Kroger Tex.*, 465 S.W.3d at 203-04. This general "no-duty" rule applies only to open and obvious conditions because, as a matter of law, a condition cannot be unreasonably dangerous if it is open and obvious, such that the landowner is not "in a better position than the invitee to be aware of [it]."[3] *Austin v.*

---

[3] This general rule has two exceptions: necessary use and criminal activity. *Austin v. Kroger Tex.*, 465 S.W.3d at 204-08. Neither of these exceptions are raised nor at issue in this Motion for Summary Judgment.

6

*Kroger Tex., L.P.*, 465 S.W.3d at 203-04 (Tex. 2015). Additionally, "the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises." *Id.*

The question whether a duty exists and whether a condition is open and obvious in a given case is a question of law for the court to be determined under an objective test. *Sanchez*, 2024 WL 2846072, at *2; *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). Under the objective standard, the question is not what the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances. *Los Compadres Pescadores,* 622 S.W.3d at 788 (citing *Tex. Dep't of Hum. Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014)). To properly apply this objective test, a court must consider the totality of the particular circumstances the plaintiff faced. *Los Compadres Pescadores,* 622 S.W.3d at 788 (citing *State v. One (1) 2004 Lincoln Navigator*, 494 S.W.3d 690, 706 (Tex. 2016)). A plaintiff's "'[v]antage is relevant to whether the danger presented by a condition that would have been apparent or appreciable to an ordinary, reasonably prudent person.'" *Los Compadres Pescadores,* 622 S.W.3d at 788 (quoting *Tex. State Univ. v. Guillen*, No. 03-23-00333-CV, 2024 WL 39819, at *3 (Tex. App.—Austin Jan. 4, 2024, pet. denied)). Should the court determine the danger presented by a condition that would have been apparent or appreciable to an ordinary, reasonably prudent person, it shall construe the condition as open and obvious as a matter of law, and the plaintiff will be charged with knowledge and appreciation thereof. *Los Compadres Pescadores*, 622 S.W.3d at 788–89.

To prove the substance on the floor that caused Kier to slip was open and obvious, Wal-Mart cites only to an excerpt in Kier's deposition in which it contends Kier admits the condition was open and obvious and could have been avoided. Based upon this admission, Wal-Mart con-

tends it held no duty to warn her of the condition as a matter of law. *ECF No. pp. 4-5*. In this excerpt, Wal-Mart's counsel asked Kier whether the store was well-lit, to which she replied, "Yes." *Id*. Wal-Mart's counsel then asked Kier whether she could see the floor in front of her, to which she replied, "I don't generally look at the floor while I'm walking, but I'm sure if I were, I could have seen it." *Id*.

This excerpt, taken out of context, does not demonstrate to this Court the subject condition objectively created a danger that was open and obvious as a matter of law. What Kier actually knew or should have known is not the test from which this Court makes this determination. *See Los Compadres Pescadores,* 622 S.W.3d at 788. Instead, while Kier's vantage is relevant, the Court must determine from a totality of the circumstances Kier faced and surrounding the incident, what a reasonably prudent person would have known under similar circumstances. *See id*. Because this Court cannot determine from this short deposition excerpt whether the subject danger presented by a condition would have been apparent or appreciable to an ordinary, reasonably prudent person, it cannot construe the condition as open and obvious as a matter of law and cannot charge Kier with knowledge and appreciation at the summary judgment stage. Consequently, Wal-Mart's arguments for summary judgment pertaining to the third element must fail.

Accordingly, because Wal-Mart failed to satisfy its summary judgment burden, its Motion must be denied. The summary judgment burden does not shift to Kier. Therefore, the Court does not review Kier's Response nor consider its efficacy given its late filing.

## Conclusion

For the reasons stated, Wal-Mart failed to show it is entitled to summary judgment, therefore, the Motion is **DENIED**.

All Scheduling Order deadlines have now passed. Accordingly, the Court withdraws its referral of all pretrial matters to Magistrate Judge Chestney.

The Court directs the parties to confer and, within 14 days of the date of this opinion, provide the Court with potential dates for trial in November or December 2023 or January 2024.

It is so ORDERED.
SIGNED this 20th day of August, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE